UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE RUSSO, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>OMADI INC., et al.,<br><br>    Defendants. | Case No. 24-cv-02194-HSG<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE SUPPLEMENTAL MATERIAL**<br><br>Re: Dkt. No. 34 |

Pending before the Court is Defendants Omadi Inc. and Traxero North America LLC's motion for leave to file supplemental material in support of their motion to dismiss. Dkt. No. 34. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motion.

I.  **BACKGROUND**

On February 20, 2024, Plaintiffs Wayne Russo and Private Property Impound, Inc. ("PPI") filed a complaint against Defendants in Alameda Superior Court. Dkt. No. 1-1 ("Compl."). Plaintiffs allege that they launched an impound business in February 2016 to impound vehicles on private commercial and residential properties. *See id.* at ¶ 14. Plaintiffs contracted with Omadi, a software company, to streamline the towing operations. *Id.* at ¶ 15. Plaintiffs allege that the software repeatedly malfunctioned and failed to store and back up material information, and that Omadi failed to address Plaintiffs' ongoing concerns. *See id.* at ¶¶ 16–18, 20–22. Plaintiffs further allege that these software malfunctions led to the State of California filing criminal charges against Plaintiff Russo in connection with the impounding business. *See id.* at ¶¶ 20–21. Based on these allegations, Plaintiffs bring several causes of action against Defendants, including for

1 breach of contract. *Id.* at ¶¶ 24–54.

2       Defendants removed the case to federal court, and filed a motion to dismiss shortly
3 thereafter. Dkt. No. 7. Briefing is now complete on the motion to dismiss and the Court took the
4 motion under submission. *See* Dkt. Nos. 22, 26. In the motion to dismiss, Defendants argue that
5 Plaintiffs entered into a sales agreement that incorporates a limitation of liability clause and a
6 forum selection clause, which identifies Salt Lake City, Utah as the proper venue for disputes
7 regarding Omadi's software. *See* Dkt. No. 7 at 3–11. At the time, Defendants attached a "Sample
8 Sales Agreement" that was not signed by Plaintiffs to the motion. *See* Dkt. No. 7-2, Ex. A. In
9 opposing the motion to dismiss, Plaintiffs argued, in part, that Defendants had not attached the
10 actual signed contract between the parties. *See* Dkt. No. 23 at 2. After the briefing on the motion
11 to dismiss was complete, Defendants located the actual Omadi Sales Agreement entered into
12 between Omadi and PPI (the "Omadi Sales Agreement"). *See* Dkt. No. 34 at ¶ 4; *see also* Dkt.
13 No. 34-2, Ex. A. Defendants now request that the Court allow them to file this Omadi Sales
14 Agreement in support of their motion to dismiss. Dkt. No. 34.

15       Plaintiffs oppose the request, urging that it would be "quite prejudicial" to them. *See* Dkt.
16 No. 37 at 2. But critically, Plaintiffs do not explain how they would be prejudiced. The Omadi
17 Sales Agreement appears nearly identical to the Sample Sales Agreement that Defendants
18 previously filed, and presumably Plaintiffs have their own copy of the signed agreement. In any
19 event, the Court finds that any possible prejudice can be avoided entirely by allowing Plaintiffs the
20 opportunity to supplement their opposition to the motion to dismiss to address this signed
21 agreement.

22       The Court therefore **GRANTS** the motion for leave to file the Omadi Sales Agreement in
23 support of Defendants' motion to dismiss. Dkt. No. 34. Because Defendants filed the agreement
24 as an exhibit to their motion for leave, Dkt. No. 34-2, the agreement is deemed submitted and
25 Defendants need not re-file it on the docket. Plaintiffs may file a supplemental opposition brief of
26 no more than five pages addressing the Omadi Sales Agreement. The Court cautions that this is
27 not an opportunity for Plaintiffs to raise new arguments unrelated to the signed agreement.
28 Plaintiffs shall file any supplemental opposition brief by September 6, 2024. The motion to

dismiss will be deemed submitted once the supplemental opposition brief is received, and Defendants shall not file an additional reply brief unless the Court orders otherwise.  This order further **TERMINATES AS MOOT** the motion to appear telephonically at the August 29 hearing. Dkt. No. 44.

    **IT IS SO ORDERED.**

Dated:   8/27/2024

*/s/ Haywood S. Gilliam, Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge